# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**MARTIN AVERY HUGHES,**

**Petitioner,**

v.                                                    **CIVIL ACTION No. 2:19-cv-42**

**MARK J. BOLSTER, Warden,**
**FCI PETERSBURG (LOW),**

**Respondent.**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner Martin Avery Hughes ("Hughes") pleaded guilty to possession of cocaine with intent to distribute. Hughes received the career offender enhancement under the U.S. Sentencing Guidelines ("Guidelines") and was sentenced to 262 months' imprisonment and five years' supervised release. After unsuccessfully seeking relief on collateral review, Hughes has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), asking the court to vacate his sentence and resentence him without the enhancement in light of the Fourth Circuit's decisions in <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018) and <u>United States v. Davis</u>, 720 F.3d 215 (4th Cir. 2013).

The Government filed a Motion to Dismiss, (ECF No. 13), and included the notice to pro se plaintiffs required under <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The Government argues that Hughes' claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. As explained below, the undersigned recommends that the court dismiss the Petition.

## I. <u>Statement of the Case</u>

Pursuant to a plea agreement, Hughes pleaded guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 on October 27, 2008, in the Western District of Virginia. In the agreement, Hughes stipulated that he was convicted of three separate counts of possession with intent to distribute cocaine in Virginia state court in 1997, for which Hughes received a consolidated sentence.[1] Hughes further conceded that his prior felony drug convictions qualified him for the career offender enhancement under U.S.S.G. § 4B1.1. Hughes was sentenced to 262 months in prison, followed by five years of supervised release. Hughes did not challenge his sentence on direct appeal.[2] On March 5, 2010, Hughes filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Hughes, 438 F. App'x 229 (4th Cir. 2011) (unpublished per curiam opinion).

On January 22, 2019, Hughes filed the present Petition, challenging the career offender enhancement component of his sentence. While his Petition was pending, Hughes obtained relief under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018), and was released from custody in April 2019. He nonetheless continues to press this § 2241 Petition, (see ECF No. 10), arguing that the requested relief, among other things, will result in a shorter term of supervised release, (Id. at 1).

_____

[1] In exchange for the 1997 consolidated judgment stipulation, the Government agreed to dismiss two additional prior drug felony convictions from its 21 U.S.C. § 851 information filing.
[2] Hughes did, however, file several post-judgment motions for relief, all of which were denied by the district judge and affirmed in part and dismissed in part by the Fourth Circuit on appeal. See United States v. Hughes, 400 F. App'x 711 (4th Cir. 2010) (unpublished per curiam opinion).

2

On May 29, 2019, the United States filed a Motion to Dismiss the Petition. (ECF No. 13.) In support of its motion, the Government advances three arguments. First, the Government argues that Hughes' sentence complied with <u>Davis</u>' holding. (ECF No. 14 at 1-2.) Second, according to the Government, even if the sentence did not comply with <u>Davis</u>, Hughes cannot invoke the "savings clause" in § 2255(e) to proceed with this Petition under § 2241 because he cannot satisfy the test set out in <u>Wheeler</u>, 886 F.3d 415. (<u>Id.</u> at 2.) And finally, the Government contends that if the first two arguments fail, Hughes' Petition should be dismissed as moot because he is no longer in custody and because his term of supervised release would remain unchanged without the career offender designation. (<u>Id.</u> at 2-3.) Hughes filed a Response to the Motion to Dismiss, (ECF No. 15), on June 14, 2019, and the matter is now ripe for decision.

## II. <u>Legal Standard</u>

Section 2255 provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. <u>See</u> <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Only when § 2255 is "inadequate or ineffective to test the legality of ... detention" may a federal prisoner pursue relief under § 2241. <u>Id.</u>; § 2255(e). But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." <u>In re Jones</u>, 226 F.3d at 333.

<u>In re Jones</u> recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a prisoner's detention. It established a three-part test for prisoners seeking habeas relief under § 2241. That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In March of 2018, the Fourth Circuit decided Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to challenge their *sentences* under § 2241. See 886 F.3d at 429. Under this test, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id.

The savings clause of § 2255 is a jurisdictional provision. Id. at 423.  Accordingly, the court may not consider the merits of Hughes' claims but must instead dismiss his Petition unless he is able to satisfy the appropriate test. Id.

### III. Recommended Conclusions of Law

Although Jones remains good law, its three-part test is quite narrow. See Wheeler, 886 F.3d at 427.  It applies *only* when a change in substantive (but non-constitutional) law renders a prisoner's prior conduct no longer criminal. See Jones, 226 F.3d at 333-34. Wheeler expands the scope of § 2255 savings clause relief to include certain "erroneously imposed sentence[s]." 886 F.3d at 427.  But it imposes its own parallel limits to ensure claims of sentencing error are funneled first to the sentencing court, which is best suited to address them. See id. at 429 (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective").  Because Hughes is challenging only the legality of his sentence, Wheeler provides the proper jurisdictional analysis.  Hughes' Petition, however, does not satisfy the Wheeler test; the court therefore lacks jurisdiction to consider it.

4

Hughes' Petition fails Wheeler's second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." Id. at 429. Hughes premises his Petition on the Fourth Circuit's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013). In Davis, the Fourth Circuit, interpreting the Guidelines, held that a consolidated sentence under North Carolina law for multiple, separate crimes constituted a single sentence, rendering the career offender enhancement under U.S.S.G. § 4B1.1 inapplicable absent at least one other predicate felony conviction. Id. at 218-20; see also U.S.S.G. § 4B1.1 (requiring "at least two prior felony convictions of either a crime of violence or a controlled substance offense" for the career offender enhancement). Hughes argues that under this decision, he cannot be sentenced as a career offender based on his 1997 state convictions because the consolidated sentence he received for those offenses counts as a single conviction for purposes of U.S.S.G. § 4B1.1.

Davis, however, cannot satisfy the jurisdictional prerequisite for Hughes' § 2241 Petition because "Davis is not retroactive." Stockton v. United States, No. ELH-09-281, 2018 WL 6680919, at *4 (D. Md. Dec. 18, 2018); see also Moye v. United States, No. 4:13-cv-233, 2016 WL 4004580, at *9 (E.D.N.C. May 27, 2016) ("Davis is not retroactively applicable to cases on collateral review."); Lee v. United States, No. 7:11-cv-177, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) ("Davis announced a purely procedural rule that is not retroactive on collateral review.") Because Hughes cannot demonstrate a change in substantive law made retroactive on collateral review, he may not rely on Wheeler to support his Petition under § 2241.

The Government argues that even if Davis applied retroactively, it would not change the result because Hughes' sentencing did not run afoul Davis—Hughes' career offender enhancement was supported by not just the 1997 consolidated judgment but also two other predicate convictions

in 2005 and 2007, both of which were included in the PSR.  (See ECF No. 14 at 9-15.)  The court need not reach this issue given the presently unanimous view that <u>Davis</u> is not applied retroactively.[3]

**Conclusion and Recommendation**

For the foregoing reasons, the undersigned concludes that the court lacks jurisdiction to hear Hughes' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  The undersigned therefore recommends that the Government's Motion to Dismiss, (ECF No. 13), be GRANTED and that Hughes' Petition, (ECF No. 1), be DISMISSED without prejudice for lack of jurisdiction. The undersigned further recommends that Hughes' outstanding Motion asking the court to consider his Petition notwithstanding his release from custody, (ECF No. 10), be DISMISSED as moot.

**Review Procedure**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail.  A party may respond to any other party's

---

[3] The court need not consider the Government's mootness argument for the same reason.

6

objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
9/29, 2019

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Martin A. Hughes**
25 Court Dr.
Bristol, Virginia 24201

and an electronic copy was provided to:

**William B. Jackson**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By _____
        Deputy Clerk

August 29 , 2019

8